IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF TEXAS,

| | |
|---|---|
| Telzy Dennis, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 2:15-cv-00026 |
| § | |
| Nike, Inc., § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW the Plaintiff Telzy Dennis, and for its Complaint against the Defendant hereby alleges and avers the following:

## PARTIES

1. Plaintiff, Telzy Dennis, is an individual that is a citizen of the State of California.

2. Defendant, Nike, Inc., is a corporation that is incorporated under the laws of the State of Oregon. Defendant has its principal place of business in the State of Oregon. Defendant may be served with process by serving its registered agent, National Registered Agents, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found.

3. Defendant is the owner and/or assignee of several United States Patents which they purport to protect the Nike Shox family of shoes including, but not limited to, Nos. 7,082,698, 6,968,636, 6,898,870, 6,487,796 (collectively, the "Shox Patents").

## JURISDICTION AND VENUE

4. This is an action for copyright infringement arising under the copyright laws of the United States, 17 U.S.C §501. The court has jurisdiction over the lawsuit under 28 U.S.C. §§ 1331 and 1338.

5. There is an actual justiciable case or controversy pursuant to 28 U.S.C. § 2201 regarding the validity of multiple patents. A judicial declaration that the claims of the Shox Patents are invalid is necessary and appropriate at this time so the Plaintiff may ascertain his rights and duties with respect to those patents. The Court also has jurisdiction over the lawsuit under 28 U.S.C. §§ 2201 and 2202.

6. This Court has personal jurisdiction over defendant because defendant conducts business in this judicial district and in the State of Texas and has committed acts of copyright infringement in this judicial district.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1400(a), and 1400(b) because defendant is subject to personal jurisdiction in this judicial district, regularly conducts business in this judicial district, and certain of the acts complained herein occurred in this judicial district.

## CONDITIONS PRECEDENT

8.     All conditions precedent have been performed, have occurred, or have been waived.

## FACTS

9.     Plaintiff is in the business of designing and selling shoes.

10.     In or around 1990, Plaintiff created an original shoe design titled the Telzy Spring Heel Shoe.

11.     After designing the shoe, Plaintiff attempted to sell the design and sold shoes bearing the design.

12.     On or around July 8, 1993, Plaintiff submitted a series of shoes bearing the Telzy Spring Heel Shoe design.

13.     In or around 2000, Defendant began to sell shoes bearing designs identical to the Telzy Spring Heel Shoe design.

14.     Between the time Plaintiff designed the Telzy Spring Heel Shoe and present day, Defendant has obtained no fewer than 4 patents which were anticipated or otherwise barred from patentability by the Telzy Spring Heel Shoe and/or Plaintiff's activity involving the shoe and its design.

15.     Upon information and belief, Defendant continues to sell shoes bearing the Telzy Spring Heel Shoe design.

## COUNT 1 – COPYRIGHT INFRINGEMENT

16.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-15.

17.     Plaintiff, a U.S. citizen, created an original shoe design titled Telzy spring heel shoes and bags collection. This shoe design is copyrightable subject matter under the laws of the United States.

18.     Plaintiff complied in all respects with the Copyright Act, 17 U.S.C. § 101 et seq., and with all other laws governing copyrights. Plaintiff received from the Register of Copyrights a certificate of registration, dated and identified as follows: December 18, 2006 / VAu000737495. Plaintiff is the sole proprietor of all rights, title, and interest in and to the copyright on the Telzy spring heel shoe and bags collection.

19. Defendant infringed and continues to infringe Plaintiff's copyright by publishing and placing a shoe on the market, which was copied from Plaintiff's copyrighted shoe design.

20. Defendant willfully infringed plaintiff's copyrighted work.

## COUNT 2 – DECLARATORY JUDGEMENT

21. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-20.

22. This claim arises under the Declaratory Judgment Act, 20 U.S.C. § 2201 et seq., and the patent laws of the United States, 35 U.S.C. § 1 et seq and seeks a declaratory judgment that the Shox Patents are invalid and/or unenforceable.

23. Upon information and belief, the Defendant is the assignee and owner of the Shox Patents.

24. The claims of the Shox Patents are and have been invalid and void on the grounds that the purported inventions, attempted to be patented therein, fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, the conditions specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or 305 of the Code.

25. A judicial declaration is necessary under the circumstances to resolve this controversy. The Plaintiff is entitled to a declaratory judgment that each of the claims in the Shox Patents are invalid and/or unenforceable.

## COUNT 3 – UNFAIR TRADE PRACTICES & UNFAIR COMPETITION

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-25.

27. In or around, 2000, and continuously since that date, defendant has been publishing, selling, and otherwise marketing the Telzy spring heel shoe. Defendant has thus been engaging in unfair trade practices and unfair competition against plaintiff. This conduct has caused plaintiff irreparable injury.

## DAMAGES

28. As a direct and proximate result of defendant's conduct, plaintiff suffered the following damages:

    a. Actual damages.

    b. Lost profits.

    c. Statutory damages.

    d. Statutory damages for willful infringement.

**ATTORNEY FEES & COSTS**

29. Plaintiff is entitled to an award of attorney fees and costs under 17 U.S.C. § 505 and under 35 U.S.C. § 285.

**PRAYER**

30. For these reasons, Plaintiff asks for judgment against Defendant for the following:

   a. Defendant pay Plaintiff in excess of $100,000,000 for actual damages, plus the amount of defendant's profits attributable to the infringement, or in the alternative, defendant pay plaintiff statutory damages, as authorized by 17 U.S.C. §504(c).

   b. A declaratory judgment that the claims of the Shox Patents are invalid and/or unenforceable.

   c. Defendant pay Plaintiff prejudgment and postjudgment interest, as authorized by law.

   d. Defendant pay Plaintiff attorney fees and costs of court.

   e. Defendant pay plaintiff additional damages for willfully infringing plaintiff's copyright, as authorized by 17 U.S.C. §504(c)(2).

   f. Plaintiff have all other relief the court deems appropriate.

**PRAYER**

31. The Plaintiff requests a trial by jury on all issues so triable by the maximum number of jurors permitted by law.

Respectfully submitted,

__/s/ Zachary Hiller_____
**Zachary Hiller**
**Attorney at Law**
1415 North Loop West
Suite 1013
Houston, TX 77008
(832) 830-8016
zack@zhillerlaw.com

**Attorney for Plaintiff**